**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| V. | )CASE NO: 2:07-cr-104-WKW-SRW |
| | ) |
| **NORMAN EVANS MCELROY, JR.** | ) |

**RESPONSE TO ORDER TO SHOW CAUSE**

NOW COMES the Defendant, **Norman McElroy**, by counsel, and states the following in response to the Court's Order to Show Cause (Doc. 28.), regarding why the Court should grant defendant's motion (Doc. 27) to permit the filing and consideration of the Motion to Suppress (Doc. 26).

Defense counsel respectfully contends that the Motion to Permit Filing is meritorious and should be granted, for several reasons:

1.  This is a case in which Mr. McElroy is facing substantial penalties. This Indictment charges four offenses, alleging violations of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(a)(5)(B). Count 1 alleges knowing receipt and distribution of child pornography between September 2002 and July 2004. Count 2 alleges possession of child pornography during that same period. Count 3 alleges knowing receipt of child pornography between July 2006 and March 2007. Count 4 alleges knowing possession of child pornography during that same period. The receiving counts, numbers 1 and 3, carry a penalty of incarceration from 5 to 20 years for a first conviction and 15 to 40 years on a second conviction. The possession counts, numbers 2 and 4, carry a penalty of up to 10 years incarceration for a first conviction

and 10 to 20 years on a second conviction. All counts carry a potential term of supervised release of up to life.

2.  Though not due to any fault of government counsel, discovery in this case has been delayed and is still not complete.[1] As part of the government investigation, two computers were seized, examined and then sent for further examination to government forensic experts. That examination was not completed at the time of the arraignment or even at the first pretrial conference. Although now completed, the report of the examination is enormous and, according to government counsel, would likely consist of at least 10,000 pages if produced as a document.

Following requests by defense counsel, government counsel learned that – due to the embedding of pornographic images in the report itself – the FBI would not provide a separate copy of the report, in any format, directly to defense counsel. Government and defense counsel discussed appointments for defense counsel and defense expert, Federal Defender staff member Ms. Jimmie Fisher, to review the forensic report on a computer at the FBI office. Some appointments were made, then cancelled, due to conflicting schedules of the counsel, expert and agents involved. Defense counsel and the defense expert met

---

[1] Government counsel has provided other material to defense counsel as it became available, including 147 pages of Jencks material on or shortly before the preliminary and detention hearing; 5 additional pages of discovery at the arraignment; 84 more pages in September; and informal information, both in discussion and in correspondence, about the initial findings of the forensic evaluation and an evaluation by the National Center for Missing and Exploited Children (NCMEC).

government counsel and FBI agents from Mobile at the Montgomery FBI office in December and spent several hours reviewing portions of the forensic materials. Some of the requested items were not present and defense counsel had to leave for a court proceeding. Counsel are presently engaged in discussing another viewing, to be conducted at the FBI office in Mobile.

3. Because of the delay in discovery, even plea negotiations have been delayed. Defense counsel and government counsel have discussed resolution of this case by guilty plea on several occasions, including pre-indictment on May 7. Due to existing plea policies of the U.S. Attorney General and sentencing practices in federal courts, a knowledge of the guidelines calculations applicable at sentencing is essential to determining what sentence could be imposed. This in turn requires knowledge of the specific contents of the computers seized and examined by the government, since the advisory United States Sentencing Guidelines applicable to these charges contain numerous substantial enhancements based on the characterization of images involved.[2] However, without knowledge of the contents of the computers, calculation of possible guidelines is difficult, if not impossible.

4. Both government and defense counsel have kept the Court informed of these discovery difficulties. Government counsel informed the court at both arraignment and the June 15 pretrial conference that the forensic evaluation of the seized computers was not yet

---

[2]See, for example, U.S.S.G. § 2G2.2, which advises a base offense level of either 18 or 22, and identifies sixteen alternative enhancements, each ranging from 2 to 7 levels, for seven different factors, all seven of which could apply to any one computer.

completed. On June 15, defense counsel filed an unopposed motion to continue the trial date of this case (Doc. 18), which stated:

> 2. The parties are discussing whether resolution of this case is possible without trial.
> 3. The parties are also waiting for the results of forensic analyses of two computers. The government both notified defense counsel of the existence of such information and sought to acquire these analyses, prior to the indictment in this case. Such information will be relevant to determination of what resolution, if any, is possible.

On October 9, defense counsel filed an unopposed motion to continue trial (Doc. 23) which stated:

> 2. The government has recently received forensic analyses of two computers. These analyses are not presently available to defense counsel in hard copy, due to their size (estimated by the government agent to be in excess of 10,000 pages, if printed) and the inclusion of child pornography images within the reports. Defense counsel and government counsel have arranged for the defense expert to attempt to review these matters at the FBI office. Due to schedules of the persons involved, such review has been tentatively set for October 19, 2007, but it is anticipated that the review will not be completed on that date and will not be completed in time to determine whether this matter may be resolved without trial.

On January 11, 2008, defense counsel filed an unopposed motion to continue trial (Doc. 29), which stated:

> 2. Additional time is required to complete investigation of this matter. Defense counsel and defense expert have met with the government's expert to review computer evidence, but were unable to complete this review in one day. The government's expert is based in Mobile. Additional meetings are being scheduled and may require defense counsel to travel to view evidence held in Mobile.
>
> 5. By informing the Court of the discovery delays at arraignment and the first

pretrial conference, the parties implicitly informed the Court that the initial pretrial motions deadline, of June 13, was not workable.[3] In hindsight, defense counsel should have separately sought an explicit order delaying the deadline for pretrial motions until the completion of discovery. However, defense counsel did put the Court on notice, albeit inartfully, that the basic information essential to the preparation of a defense in this case – an understanding of the contents of the computers alleged to be the instruments of the commission of the charges in the Indictment – was not, and could not, be timely attained.

6. Government counsel stated at the pretrial conference on January 11 that the government does not oppose the defendant's request to file the motion to suppress.

7. As the result of the granting of the unopposed motion to continue trial and the resetting of the trial date to May 5 (Doc. 31), the Court has adequate time to consider the motion to suppress.

8. Case law and the applicable rules permit this Court to accept and consider the Motion to Suppress. Although Rule 12(e) of the Federal Rules of Criminal Procedure holds

---

[3]Mr. McElroy was arraigned on this Indictment on May 23, 2007. The Arraignment Order was entered on May 30, 2007 and required government counsel to provide all discovery by the prior date of May 23; defense counsel to provide all discovery by the date of the Order, May 30; pretrial motions to be filed by two days before the pretrial conference; and the pretrial conference to be held on June 15 (Doc. 16). Thus, the initial pretrial motions deadline was June 13. Although the parties had informed the court of the discovery delays at the May 30 arraignment and again at the June 15 pretrial conference, the next pretrial conference order, entered on July 5, extended all prior deadlines "except the deadline for motions, which is not extended." (Doc. 20.) Another Order rescheduling a pretrial conference (Doc. 25) did not address any new or old deadline for motions, other than stating that no motions were pending.

that "(a) party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12© or by any extension the court provides," that Rule also holds that "(f)or good cause, the court may grant relief from the waiver."

This Court certainly has the authority and duty to control its docket through the setting of appropriate deadlines. However, under the unique circumstances of this case, defense counsel has not been able to acquire the knowledge of the facts necessary for earlier filing of a motion to suppress. *Compare United States v. [James Caswell] Jones,* 241 Fed. Appx. 676, 2007 WL 2209396 (11th Cir. 2007), at 2 (defense counsel had open discovery and "all the files were available at least nine months before the trial," so counsel lacked good cause for filing motion to suppress on the day of the trial) and *United States v. [Stanley Lewis] Jones*, 619 F.2d 494, 497 (5th Cir. 1980)$^4$ (district court abused its discretion in holding motion to suppress to be untimely, where the Government was not prejudiced by any delay in the defendant's attack on the admissibility of the evidence and both parties treated the motion to suppress as timely and fully argued its merits).

Thus, under the unique circumstances of this case, good cause is shown for the timing of the filing of this motion to suppress.

Wherefore, counsel requests this Motion be granted.

---

$^4$In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

6

Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Christopher Snyder, Assistant United States Attorney, 131 Clayton Street, Montgomery, AL.

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
E-Mail: Christine_Freeman@fd.org