IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:07-cr-0104-WKW |
| | ) | |
| NORMAN EVANS McELROY, JR. | ) | |

## **ORDER**

This case is before the court on the defendant's fourth Motion to Continue Trial. (Doc. # 42.) The criminal case is currently set for trial during the May 5, 2008 term. For the reasons set forth below, the Court finds that the trial should be continued pursuant to 18 U.S.C. § 3161(h).

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70 day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(8)(A).

The Court finds that the ends of justice served by continuing this trial outweigh the best interest of the public and the defendant in a speedy trial. In light of the fact that trial in

this matter has already been continued three times, the court held a motion hearing on February 22, 2008 to hear arguments from the parties. In support of his motion to continue the trial, the defendant states that additional time is needed in order for defense counsel to adequately investigate this matter, meet with the government's expert to review computer evidence, and otherwise effectively prepare for trial. The evidence obtained from computers in this matter is voluminous and, because the Governments contends it contains images of child pornography, must remain in the Government's possession so that defense counsel can only review it with government supervision. Furthermore, the defendant is presently incarcerated pending the trial in this case. (Doc. # 11.) The Government did not oppose the first three continuances, but now opposes this fourth continuance of the trial. However, based on the record before it, the court will reluctantly grant the continuance in light of the evidentiary access difficulties presented by the nature of this case. Absent any extraordinary and unforeseeable circumstances, no further continuances will be granted.

Accordingly, it is ORDERED that the defendant's Motion to Continue Trial (Doc. # 42) is GRANTED. Trial in this matter is continued from the May 5 2008 trial term, to the criminal term of court beginning **August 18, 2008**. The Magistrate Judge shall conduct a pretrial conference prior to the **August 18, 2008** trial term and enter a pretrial conference order.

DONE this 22nd day of February, 2008.

                                          /s/ W. Keith Watkins
                                          UNITED STATES DISTRICT JUDGE