IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CR-104-WKW |
| | ) | |
| NORMAN EVANS MCELROY, JR. | ) | |
| | ) | |

**ORDER**

On July 24, 2008, the Magistrate Judge filed a Recommendation (Doc. # 53) that the court deny Defendant Norman Evans McElroy, Jr.'s ("Mr. McElroy) Motion to Suppress (Doc. # 26). Mr. McElroy filed objections on August 1, 2008, challenging the Magistrate Judge's conclusions as to (1) the voluntariness of McElroy's consent and (2) the scope of that consent. (Doc. # 57.) Mr. McElroy argues that coercive police procedures negate the voluntariness of his consent, that he did not know he had a right to refuse the search, and that the scope of the search exceeded the consent given. Mr. McElroy asserts that these factors, combined with the fact that he was aware incriminating evidence would be found, support his contention that his consent was not voluntary. (Doc. # 57 at 10.) Mr. McElroy, therefore, argues that his Motion to Suppress should be granted. (Doc. # 57 at 12.)

Upon an independent and *de novo* review of the Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C), the court finds that the objections are without merit. Mr. McElroy's contention that his consent was coerced and not given freely is not supported by the facts before the court. Several factors lead to the conclusion that Mr. McElroy's consent was voluntary. Mr. McElroy was specifically informed that he was not under arrest (Doc. # 45 at 121) and he

voluntarily left his home to speak with officers outside (Doc. # 45 at 120). All of the discussions with officers occurred outside Mr. McElroy's house without threat or use of restraint. (Doc. # 45 at 120.) Mr. McElroy even signed a consent form which was read and explained to him by one of the officers at the scene. (Doc. # 45 at 84-85.) Furthermore, Mr. McElroy voluntarily returned to F.B.I. offices at a later point to be questioned during his lunch break. (Doc. # 45 at 131.) These facts weigh in favor of the conclusion that Mr. McElroy's consent to the search was given voluntarily.

In his Objections to the Recommendation, Mr.McElroy contends that even if he consented to the searches, he did not consent to the use of the police computer software to analyze his computer. (Doc. # 57 at 11.) This argument first appears in Mr. McElroy's Objections to the Recommendation, filed almost six months after his Motion to Suppress. The court will not give credence to objections which are based upon legal theories that were not raised in the motion to suppress and were thereby waived.

Upon careful consideration of the objections, it is ORDERED that the Report and Recommendation is adopted and that:

1. The Motion to Supress (Doc. # 26) filed by Norman Evans McElroy, Jr. is DENIED.

2. Mr. McElroy's Objections to the Recommendation of the Magistrate Judge are OVERRULED.

DONE this19th day of November, 2008.

    /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE