IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CR-104-WKW |
| | ) | [WO] |
| NORMAN EVANS MCELROY, JR. | ) | |

## **ORDER**

Defendant has filed a motion for compassionate release in which he seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. # 115.)  He also seeks appointment of counsel.

Under § 3582(c)(1)(A)(i), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for such a reduction after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A).  Courts are not at liberty to excuse a statutory exhaustion requirement.  *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016); *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required.").  This statute's exhaustion requirement is no exception. *United States v. Alam*, No. 20-1298, 2020 U.S. App. LEXIS 17321, *6 (6th Cir. June

2, 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Furthermore, the defendant must exhaust or wait 30 days *before* he or she files a motion for compassionate release. *Id.* at *12 (dismissing a § 3582(c)(1)(A)(i) motion without prejudice because movant's 30-day window did not close until after the motion was filed).

Defendant's motion alleges that he has "started [his] administrative remedies," but it does specify when he made his requests, so it cannot be determined whether he has exhausted his administrative rights. Accordingly, it is ORDERED that Defendant's motion (Doc. # 115) is DENIED without prejudice with leave to re-file his motion, if necessary, with specific allegations and, if available, substantiating documentation that demonstrates his compliance with the statutory exhaustion requirements. It is further ORDERED that Mr. McElroy's *pro se* motion for appointment of counsel (Doc. # 115) is DENIED.

DONE this 24th day of June, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE